**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO MADERA, | No.   16-70584 |
| Petitioner, | Agency No. A200-150-482 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Mario Madera, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny in part and dismiss in part the petition for review.

In his opening brief, Madera does not challenge the agency's conclusion that his application for asylum was untimely.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, we deny the petition for review as to Madera's asylum claim.

The agency did not err in finding that Madera failed to establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group).  Substantial evidence supports the agency's

16-70584

determination that Madera failed to otherwise demonstrate a nexus between the harm he fears in Mexico and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Madera's withholding of removal claim fails.

In light of this disposition, we do not reach Madera's remaining contentions regarding the merits of his withholding of removal claim. *See Simeonov*, 371 F.3d at 538 (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT relief because Madera failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (no likelihood of torture established).

As to cancellation of removal, we do not reach Madera's contentions concerning the IJ's analysis of good moral character because the BIA did not rely on that ground. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency."). We lack jurisdiction to consider Madera's contentions that the IJ violated due process by failing to grant a continuance to develop the record as to exceptional and extremely unusual hardship because he failed to raise the issue

before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). To the extent Madera challenges the agency's discretionary determination that he failed to show exceptional and extremely unusual hardship to a qualifying relative, we lack jurisdiction to consider those contentions. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735-36 (9th Cir. 2012) (court lacks jurisdiction to review merits of hardship determination and only retains jurisdiction over constitutional claims that have "some possible validity" (citation omitted)).

The record does not support Madera's contentions that the agency failed to consider arguments or otherwise erred in its analysis of his claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

Madera's motion to take judicial notice, as set forth in his opening brief, is denied. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**